PONDER, Judge.
Plaintiff appealed devolutively from the judgment in his suit for injuries sustained in an automobile collision.
The defendants are William Caldwell, Sr.; his insurer, Commercial Union Assurance Company; and plaintiff’s uninsured motorist insurer, Aetna Casualty and Surety Company.[1] The latter, joined because plaintiff asserted that Caldwell was under-insured, sought from Caldwell recovery of *299 any amount for which it was held liable. The trial court awarded judgment against Caldwell and his insurer in the amount of $2,423.00, denied any recovery against Aet-na and dismissed Aetna’s claim against Caldwell. Plaintiff appealed claiming that the amount was inadequate.
The sole issue is the amount of the award. We affirm.
For about two and one-half months after the accident, plaintiff was treated by Dr. Thomas H. Givens for complaints of neck and shoulder pains. X-rays were negative except for arthritic changes in the cervical area. The doctor found intermittent slight muscle spasm, which, however, had disappeared entirely before discharge to full duty. About five months later, plaintiff began another series of visits, lasting to the time of trial with complaints of constant pain in the neck and shoulder. There were no objective symptoms, no muscle damage and no nerve root damage.
The doctor said that the complaints could be caused by neuritis, neuralgia or overexertion; that it was a possibility, but not a reasonable medical certainty; and that the symptoms and pain were results, of the accident.
Plaintiff was seen twice about six months after the accident by an orthopedic surgeon, who found on the first visit a slight limitation of lateral motion of the neck and a point tenderness over the lateral paraspi-nous muscle masses on the left. On the second visit plaintiff was released as asymptomatic and able to return to work.
Plaintiff testified that while he had not sustained actual loss of wages, he had used both sick and annual leave time because of the accident. Both plaintiff and his wife testified to his continuing pain and disability.
Plaintiff’s testimony as to his use of sick and annual leave was ambiguous and less than specific. His supervisors were unable to ascribe any relationship between the accident and the days off. At least some of the annual leave taken had been scheduled before the accident.
While the court did not assign reasons, it evidently and quite reasonably decided that the pains after the initial discharge by Dr. Givens were caused by neuritis, neuralgia or overexertion irritating the arthritic changes, and therefore were not caused by the accident. There is evidence in the record to support that conclusion. We find no error.
The medical expenses amounted to $423.00, of which $17.00 was for medical supplies and $91.00 was for x-rays. This leaves $2000.00 for the use of sick and annual leave and for general damages. In view of the minimal symptoms found by the doctors and the short time for recovery and discharge, we find the award to be within the wide discretion given the trier of fact.
For these reasons, the judgment is affirmed at appellant’s cost.
AFFIRMED.

. Plaintiff mistakenly sued Aetna Life and Casualty Co.